IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WALTER WINGARD, as the Administrator of the Estate of Beverlyn Wingard, deceased, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 2:08-CV-342-WKW [WO] |
| GUILLOT TEXTILMASCHINEN GMBH, *et al.*, | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on two motions: (1) a Motion to Remand (Doc. # 3) filed by Plaintiffs Walter Wingard ("Mr. Wingard"), as the Administrator of the Estate of Beverlyn Wingard ("Beverlyn"), deceased, and Etheleen Wingard ("Ms. Wingard"), individually and as the Next Friend of C.D.B., a minor child and dependent of Beverlyn; and (2) a Motion to Sever (Doc. # 11) filed by Defendant Texo, Inc. ("Texo").  For the reasons set forth below, the court finds that the Motion to Remand (Doc. # 3) is due to be granted and the Motion to Sever (Doc. # 11) is due to be denied.

### I.  FACTS AND PROCEDURAL HISTORY

On August 8, 2008, Mr. Wingard and Ms. Wingard, Beverlyn's brother and mother, filed this lawsuit for claims arising from Beverlyn's death.  (Doc. # 1, Ex. A, Compl. ¶¶ 1, 2 & 11.)  According to their Complaint, the warper Beverlyn was operating as an employee of Albany International, Inc. ("Albany International") pulled her into its

rotating parts, resulting in her death.  (Compl. ¶ 11.)  It is the Wingards' contention that the warper "presented an unreasonable hazard by virtue of exposed nip points." (Compl. ¶¶ 12-13.)  The Wingards filed suit in the Circuit Court of Montgomery County, Alabama, against several Defendants: (1) Guillot Textilmaschinen GmbH ("Guillot"), the company that allegedly designed, manufactured, and sold the warper machine to Albany International; (2) Franz Guillot, the owner of Guillot; (3) Texo, a foreign company connected to the machine's production; (4) Albany International; and (5) four fictitious defendants.  (Compl. ¶¶ 2-10 & 15.)  The Wingards filed claims under the Alabama Extended Manufacturer's Liability Doctrine and for negligence/wantoness against Guillot, Franz Guillot, and Texo, and a workers' compensation claim against Albany International.  (Doc. # 1-3 ¶¶ 14-31.)

Texo removed the case pursuant to 28 U.S.C. § 1441, but without consent from Albany International.  (Doc. # 1.)  Texo argued that the workers' compensation and wrongful death claims could not be joined in the same action.  (*See* Doc. # 1 ¶ 10.)  In its amended removal notice, Texo added that: (1) joinder of Albany International was improper under *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), *overruled on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1076 (11th Cir. 2000); and (2) Albany International was merely a nominal party.[1]  (Doc. # 10.)  Texo also moved to sever the products liability and negligence counts from the workers'

_____

[1] Parties can amend removal notices without leave of court any time within the thirty-day period for filing a removal notice.  *Watson v. Nuvell Fin. Servs., LLC*, No. 2:07-cv-639-WKW, 2008 WL 110923, at *1 (M.D. Ala. Jan. 9, 2008).

compensation count because the claims were improperly joined.  (Doc. # 11.)   The Wingards filed a timely Motion to Remand.  (Doc. # 3.)

## II.  STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress.  *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996).  However, "[f]ederal courts are courts of limited jurisdiction."  *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994).  Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is not absolutely clear.  "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."  *Id.*

## III.  DISCUSSION

A district court must have original jurisdiction over a state court civil action for a defendant to remove it to federal court.  28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Texo removed this case on the basis of diversity jurisdiction.  (Doc. # 1.)  For a case to be removed on diversity jurisdiction, there must be complete diversity of citizenship – no plaintiff in the case may be a citizen of the same state as any defendant, *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir. 1994) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)), and the amount in controversy, exclusive of interest and costs, must exceed $75,000, 28 U.S.C. § 1332.  According to Texo's Notice of Removal, the amount in controversy exceeds $75,000

3

(Doc. # 1 ¶ 11), and citizenship is completely diverse – the Wingards are citizens of Alabama, Texo is a citizen of South Carolina (its state of incorporation and principal place of business), Albany International is a citizen of Alabama but fraudulently joined, and the remaining Defendants have not yet been served with a complaint and summons[2]. (Doc. # 1 ¶¶ 1 & 6-9.)[3]

For purposes of determining complete diversity, courts will ignore any non-diverse party that was fraudulently joined, *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979),[4] but the removing party has the "heavy" burden of proving fraudulent joinder, *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  The Eleventh Circuit recognizes three forms of fraudulent joinder:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant.  *Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir. 1983), *superceded by statute on other grounds as stated in Georgetown Manor, Inc. v. Ethan Allen, Inc.*, 991 F.2d 1533 (11th Cir. 1993). The second is when there is outright fraud in the plaintiff's pleading of jurisdictional facts.  *Coker*, 709 F.2d at 1440.  In *Tapscott*, 77 F.3d at 1355 . . . , a third situation of fraudulent joinder was identified – i.e., where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant.  *Id.* at 1360.

---

[2] The "unanimity rule" requires all defendants to join in or consent to removal, but "a defendant that has not been served with process need not join in or consent to removal."  *Harris v. Pacificare Life & Health Ins. Co.*, 514 F. Supp. 2d 1280, 1286 (M.D. Ala. 2007).

[3] As for the remaining parties, defendants sued under fictitious names are ignored for determining citizenship diversity.  28 U.S.C. § 1441(a).

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

*Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  Texo is asserting the third form of fraudulent joinder – that Albany International has no joint, several, or alternative liability, and that the workers' compensation claim has no real connection with the case (*see* Doc. # 10 ¶ 1) – and has moved to sever the workers' compensation claim as improperly joined (Doc. # 11).  Texo must make arguments for fraudulent joinder and severing the workers' compensation claim because 28 U.S.C. § 1445(c) prohibits a defendant from removing a workers' compensation claim arising out of state law to federal court.  A federal court must either sever and remand a workers' compensation claim or remand the entire case.  *Brooks v. Paulk & Cope, Inc.*, 176 F. Supp. 2d 1270, 1274 (M.D. Ala. 2001) (Albritton, J.).

As the Wingards' Brief in Support of Motion to Remand (Doc. # 3-2) demonstrates, case law in this district leans overwhelmingly in the Wingards' favor. Judge Albritton's opinion in *Brooks* addressed this very issue of fraudulent joinder. *Brooks* relied on the language of Rule 20 of the Federal Rules of Civil Procedure describing proper joinder to determine whether a joinder was fraudulent.  The court found that, in an action with a workers' compensation claim and other tort claims seeking several liability for damages in a work-related incident, joinder was proper because the claims involved (1) several liability, and (2) common questions of fact.  *Brooks*, 176 F. Supp. 2d at 1276; *see* Fed. R. Civ. P. 20(a)(2) ("Person . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them . . . severally . . . ; and (B) any question of . . . fact common to all defendants will arise in the action.").  As Judge

Fuller reiterated in a later opinion in this district, claims arising from "the same incident" that "necessarily have several common questions of fact[,] . . . cannot be said to have no real connection." *Williams v. CNH Am., LLC*, 542 F. Supp. 2d 1261, 1265 (M.D. Ala. 2008) (citing *Baker v. Tri Nations Express, Inc.*, 531 F. Supp. 2d 1307, 1313 n.6 (M.D. Ala. 2008) (Watkins, J.) for a real connection between two separate negligence claims because "they both relate to the same car accident and its underlying causes") (finding that there was a real connection between a claim against an employer for a work-related accident and claims against the manufacturer for design defects and negligence); *see also Bryan v. Wausau Underwriters Ins. Co.*, No. 2:06-cv-1002-MEF, 2008 WL 1808325, at *1 (M.D. Ala. Apr. 21, 2008) (summarizing the finding in *Williams*).  The claims in this case have sufficient connection and are properly joined.

Finding that Texo's claim for fraudulently joinder fails, the court can only permit removal if it grants Texo's motion to sever on other grounds.[5]  Rule 21 of the Federal Rules of Civil Procedure permits federal courts to "sever any claim against a party," even for the purpose of retaining jurisdiction, *Ingram v. CSX Transp., Inc.*, 146 F.3d 858, 862 (11th Cir. 1998) (noting district courts' authority under Rule 21 to "dismiss dispensable

---

[5] Texo's other claim that removal is proper because Albany International is a nominal party (Doc. # 10) ties in with the severance argument.  A nominal party can be ignored for purposes of determining complete removal, *see Nunn v. Feltinton*, 294 F.2d 450, 453 (5th Cir. 1961) ("It has been established from an early date that the joinder of formal or unnecessary parties cannot prevent the removal of an action to a federal court."), but § 1445(c) prohibits the removal of workers' compensation claims regardless of whether the claims are against nominal parties.  Thus, the issue of whether Albany International is a nominal party translates into a question of whether the court should sever the Defendant.

nondiverse parties to cure defects in diversity jurisdiction.").[6]   The trial court has "broad discretion," however, in determining whether to sever claims.  *Anderson v. Moorer*, 372 F.2d 750 n.4 (5th Cir. 1967) ("Normally, the District Court has discretion under [Rule 21] in deciding whether to allow the dropping of parties."); *Tillis v. Cameron*, No. 1:07-cv-0078-WKW, 2007 WL 2806770, at *5 (M.D. Ala. Sept. 25, 2007) ("The determination of whether to grant a motion to sever is left to the discretion of the trial court." (internal quotation marks and citation omitted)); *see also Brunet v. United Gas Pipeline Co.*, 15 F.3d 500, 505 (5th Cir. 1994) ("The trial court has broad discretion to sever issues to be tried before it.").  "Whether severance would facilitate . . . judicial economy is among the factors a court may examine while determining whether to sever [] claims."  *Tillis*, 2007 WL 2806770, at *5; *see, e.g., Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir. 1985) ("Rule 21 gives the court discretion to sever any claim . . . if doing so will increase judicial economy." (internal quotation marks and citation omitted)); *Baker*, 531 F. Supp. 2d at 1318 (considering judicial economy in a severance determination); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane § 1591 (2d ed. 1990) ("Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy . . . .").

---

[6] This discussion in *Ingram* relied on an earlier version of Rule 21 that stated "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just."  *Ingram*, 146 F.3d at 862 n.4.  Rule 21 has since been amended in relevant part to: "On motion or on its own, the court may at any time, on just terms, add or drop a party."  The language conveys the same point, and the changes are merely stylistic, *see* Fed. R. Civ. P. 21 advisory committee's notes.

The issue whether to sever workers' compensation claims does not exist in a vacuum. The court must be mindful of the practical effects in terms of judicial efficiency of severing or refusing to sever claims. It would be inefficient for the court to remand the entire case if the state court severs the Wingards' workers' compensation claim. This district has already addressed at length the practice in Alabama state courts with respect to severing workers' compensation claims. For example, the *Williams* court concluded that "there appears to be significant discretion left to trial judges in Alabama as to whether to sever a workers' compensation claim from common law claims against third parties," and that it is "far from being the 'recognized practice'" for Alabama judges to sever these claims. 542 F. Supp. 2d at 1265; *see Brooks*, 176 F. Supp. 2d at 1276 (discussing district court cases from Alabama finding support for Alabama state judges that do not sever workers' compensation and tort claims). Both *Williams* and *Brooks* remanded the entire cases to state court. *Williams*, 542 F. Supp. 2d at 1267; *Brooks*, 176 F. Supp. 2d at 1277. This court in its discretion similarly finds that severing the workers' compensation claim against Albany International would not promote judicial economy.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that:

1.      The Wingards' Motion to Remand (Doc. # 3) is GRANTED;

2.      Texo's Motion to Sever (Doc. # 11) is DENIED;

3.      This case is REMANDED to the Circuit Court for Montgomery County, Alabama;

4.      The Clerk of Court is DIRECTED to take appropriate steps to effect the

remand.

Done this 23rd day of September, 2008.

                                        /s/   W.  Keith Watkins
                                UNITED STATES DISTRICT JUDGE

9